IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


BRETT SWEETING,                      :
      Petitioner              :
                                     :
  v.                                 :    CIVIL NO. 3:CV-14-1213
                                     :
                                     :    (Judge Conaboy)
JEFFREY MAHALLY, ET AL.,             :
      Respondents             :

## MEMORANDUM
### Background

Brett Sweeting, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges the calculation of his two sentences which were imposed during 1994 in the Lycoming County Court of Common Pleas. Service of the Petition and supporting memorandum was previously ordered. An answer filed by Respondents indicates that Petitioner presently has a petition for review pending before the Commonwealth Court of Pennsylvania. See Doc. 11, ¶ 11. The response also argued in part that the Petition should be dismissed for failure to exhaust state remedies. See id. at p. 8, ¶ 3.

In response to that filing, Petitioner has submitted a "motion for stay of proceedings." Doc. 20. His motion asserts that when filing this action, he did not realize his petition for writ of

1

mandamus was still pending before the Pennsylvania Commonwealth Court. See id. at p. 1. In light of that discovery, Sweeting asks that this matter be stayed "until the issue of finality is resolved." Id.

### Discussion

As previously noted, Petitioner has also filed a motion for stay of proceedings. His motion is apparently requesting that this matter be stayed until such time as he has exhausted his available state court remedies with respect to each of his pending claims.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then

2

the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews,

360 F.3d at p. 154 (internal citations omitted).

<u>Rhines</u> and <u>Crews</u> both contemplate that the initial federal petition must be timely filed. In the present case, there is an argument raised that the pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. However, Petitioner is apparently requesting a stay because his pending action includes claims that he is also asserting via a mandamus petition which is presently under consideration in Pennsylvania state court.

As in <u>Crews</u>, Sanchez should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Under these circumstances as well as Petitioner's contention that he has requested expedited disposition of his matter before the Pennsylvania Commonwealth Court, <u>Crews</u> counsels in favor of a stay of litigation in this case pending disposition of his pending state court petition. Accordingly, Sweeting's motion requesting a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including

4

a copy of the relevant Superior and/or Supreme Court's dispositions. An appropriate Order will issue.

_____
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER ____, 2014

FILED
SCRANTON

OCT 27 2014

PER _____
DEPUTY CLERK